WILLIAM H. MOORE v. ALMA M. MOORE

5-5529                                         467 S. W. 2d 732

Opinion delivered June 7, 1971

*Burl C. Rotenberry,* for appellant.

*Van H. Albertson,* for appellee.

CONLEY BYRD, Justice. Appellant William H. Moore appeals from a Pulaski Chancery divorce decree awarding appellee Alma M. Moore possession of virtually all of the parties' jointly owned real property. A prior action, in which appellee was awarded a divorce a mensa et thoro and possession of the parties' 137 acre farm in Madison County, was before this court in *Moore* v. *Moore,* 241 Ark. 675, 409 S. W. 2d 830 (1966). Appellant thereafter moved to Little Rock and in due time filed suit for absolute divorce based on a three-year separation. For reversal of the Chancellor's ·adjudication of property rights, appellant urges that "The court erred

in awarding appellee exclusive use and possession of the parties' jointly owned 137 acre farm together with all personal property located thereon while awarding appellant only the jointly owned two unimproved lots in New Mexico because of the grossly disparate value of the respective properties awarded each party."

Reviewing the record, as we do on trial de novo, we find the evidence is sufficient to support the chancellor's award.

When the parties married in 1949, appellee owned a home worth $9,000 and a bank account of $8,000. Appellant had no assets at that time. After their marriage, the parties moved several times, each time and place buying property and then selling when they moved elsewhere. Both parties worked steadily with substantially equal earnings until appellant suddenly retired in 1958, with a very small pension. Appellant has not worked since. After about 6 months, appellant prevailed on appellee to quit her job and they traveled for about two years. During that time they bought the two lots in New Mexico awarded appellant. Then they moved to Denver where appellee worked for two years while appellant drank to excess. Property they bought there was sold when appellant wanted to move to Florida in 1962. They got as far as St. Paul (Madison County), Arkansas, where they purchased the 137 acre farm on which appellee now lives. The parties assumed one mortgage when they purchased the property and obtained another mortgage with which they built a home on the property. Since 1965 appellee had made the mortgage and tax payments and maintained and improved the farm, either from farm earnings or outside employment when farming was not profitable. All in all, we find nothing in the record to require us to disturb the chancellor's decree.

Affirmed.